IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17 C 8341 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| CHIEF JUDGE OF THE CIRCUIT ) | |
| COURT OF COOK COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions to dismiss plaintiff's Complaint [18], [29] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Office of the Chief Judge's motion [18] is granted in part and denied in part. Defendants Alexander, Das, and Patterson's motion [29] is granted. Plaintiff is given an opportunity to amend his complaint by July 10, 2018 consistent with this opinion if he chooses to do so. Status hearing previously set for June 21, 2018 is stricken and reset to July 12, 2018 at 9:30 a.m.

## BACKGROUND

Plaintiff Jason Smith is a probation officer for the Office of the Chief Judge of the Circuit Court of Cook County ("Office of Chief Judge"). He has worked as a probation officer since April 3, 2003.

On or about November 9, 2016, Smith filed a Charge of Discrimination with the Illinois Department of Human Rights, alleging a claim of retaliation. Smith alleged that he engaged in various protected activities from 2012 through 2014 while serving as Vice President of the Local Union, including appearing as a witness in a discrimination case. Smith claimed that, on or about July 8, 2016, defendants retaliated against him by denying him a flex-time schedule—a schedule that was not denied to similarly situated employees who did not participate in protected activities. On October 19, 2017, Smith received a right-to-sue letter.

On November 17, 2017, plaintiff, proceeding *pro se*, filed suit against "Chief Judge of the Circuit Court of Cook County,"[1] Dennis Alexander, Avik Das, and William Patterson, alleging claims of discrimination and retaliation. He alleges that defendants denied him a flex-time schedule but approved a similar schedule for a white probation officer. He attaches a copy of his Charge of Discrimination and his right to sue letters.

---

[1] The Court construes plaintiff's complaint to be against the Office of the Chief Judge of the Circuit Court of Cook County.

Plaintiff asserts the following claims against the Office of the Chief Judge: unlawful color, national origin, and race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1981 ("§1981"); unlawful sex discrimination in violation of Title VII; retaliation; and unlawful race, color, and national origin discrimination in violation of 42 U.S.C. §1983 ("§1983"). The Office of the Chief Judge moves to dismiss, arguing that plaintiff's §§1981 and 1983 claims are barred by the Eleventh Amendment. Additionally, the Office of the Chief Judge argues that plaintiff's claims of discrimination based on color, national origin, race, and sex under Title VII fail because plaintiff did not exhaust his administrative remedies.

As for defendants Alexander, Das, and Patterson, plaintiff asserts the following claims: unlawful color, national origin, and race discrimination in violation of Title VII and §1981; unlawful sex discrimination in violation of Title VII; and retaliation. Defendants Alexander, Das, and Patterson move to dismiss the Title VII claims, arguing that individual liability does not exist under Title VII.

## STANDARD

The purpose of a Rule 12(b) motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Derfus v. City of Chi.*, 42 F. Supp. 3d 888, 893 (7th Cir. 2014). To survive a motion to dismiss pursuant to Rule 12(b)(6), a pleading that purports to state a claim for relief must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). For purposes of a motion to dismiss, the Court accepts "as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff." *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017). "A document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

## DISCUSSION

*Eleventh Amendment Immunity*

The Office of the Chief Judge argues that plaintiff's §§1981 and 1983 claims should be dismissed because the Office of the Chief Judge is not a person for purposes of plaintiff's §§1981 and 1983 claims and because the Eleventh Amendment shields the Office of the Chief Judge from liability.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "If properly raised, the amendment bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advocacy*

*Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). A state agency cannot be sued under §§1981 and 1983 unless an exception to immunity applies. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("neither a State nor its official acting in their official capacities are 'persons' under §1983"); *see also Carter v. Ill. Dep't of Commerce and Cmty. Affairs*, 600 F. Supp. 583 (N.D. Ill. 1984); *Titus v. Ill. Dep't of Transp.*, 828 F. Supp. 2d 957, 967 (N.D. Ill. 2011). "An official capacity suit is the same as a suit against the entity of which the officer is an agent." *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 975 n.1 (7th Cir. 2000). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Milazzo v. O'Connell*, 925 F. Supp. 1331, 1336 n. 1 (N.D. Ill. 1996), *aff'd*, 108 F.3d 129 (7th Cir. 1997) (citing *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992), *cert. denied*, 508 U.S. 942 (1993) (monetary claims against a state are barred by the Eleventh Amendment); *Orenic v. State Labor Relations Bd.,* 127 Ill. 2d 453, 476 (1989) (employees of the Office of the Chief Judge are employees of the State of Illinois)).

There are, however, three exceptions to Eleventh Amendment immunity: (1) a state may consent to the suit in federal court and therefore waive immunity; (2) Congress may abrogate the states' eleventh amendment; and (3) a plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law under the *Ex parte Young* doctrine. *Peirick v. Indiana Univ.-Purdue Univ. Indianapolis Athletics Dep't.*, 510 F.3d 681, 695 (7th Cir. 2007) (citations omitted). "*Ex Parte Young* does not reach, however, claims for retroactive damages to be paid from a state treasury, which the Eleventh Amendment generally continues to preclude." *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005).

None of the exceptions to immunity appear to apply here. The Office of the Chief Judge has not consented to suit in federal court for plaintiff's §§1981 and 1983 claims. *See* 745 ILCS 5/1; 705 ILCS 505/8. Congress has not abrogated the states' immunity in §§1981 and 1983 claims. *See Baker v. Indiana Family & Social Services Admin.*, 260 F. Supp. 2d 731, 737 (7th Cir. 2003). And plaintiff is not seeking injunctive relief against a state official in his or her official capacity. Accordingly, plaintiff's §§1981 and 1983 claims against the Office of the Chief Judge are dismissed. However, to the extent that plaintiff is seeking injunctive relief, the Court grants plaintiff leave to amend.

*Exhaustion – Title VII claims*

Prior to filing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC or IDHR. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). This requirement gives the employer notice and affords the EEOC and the employer an opportunity to attempt conciliation without resorting to the courts. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831-832 (7th Cir. 2015) (citations omitted). "[B]ecause most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). In other words, a plaintiff can pursue a claim in federal court on claims not explicitly laid out in a charge if the claims are "like or reasonably related" and "the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge."

(*Id.*) (internal quotation marks and citation omitted). At a minimum, the EEOC charge and the relevant claim must describe the same conduct and implicate the same individuals. *Huri*, 804 F.3d at 832.

Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden of proving. *Salas v. Wis. Dep't of Corr.*, 493 F.3d at 922. "Affirmative defenses cannot form the basis to dismiss unless the plaintiff's complaint pleads the plaintiff out of court." *Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 808 (N.D. Ill 2007) (citations omitted). Although a plaintiff need not plead around an affirmative defense, a court may dismiss a claim based on an affirmative defense when the plaintiff "plead[s] himself out of court by alleging (and thus admitting) the ingredients of a defense." *Chicago Bldg Design, PC v. Mongolian House, Inc.*, 770 F.3d 610, 613-614 (7th Cir. 2014); *United States Gypsum v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

Here, plaintiff alleged the following in his charge of discrimination:

> I. A. ISSUE/BASIS
>
> UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – JULY 8, 2016, IN RETALIATION FOR HAVING OPPOSED UNLAWFUL DISCRIMINATION IN THE WORKPLACE.
>
> B. PRIMA FACIE ALLEGATIONS
>
> 1. From 2012 through 2014, I engaged in various protected activities when I filed at least a dozen discrimination complaints with the EEOC as the Vice President of the Local Union. On March 21, 2015, I engaged in a protected activity when I served as a witness for discrimination charge #2014CF2907, with the Illinois Department of Human Rights. On December 4, 2105, I engaged in a protected activity when I was named as a witness to discrimination case No. 15CV5907, filed with the United State District Court of the Northern District of IL, Eastern Division.
>
> 2. I was hired on April 3, 2003. My performance as a Probation Officer met Respondent's expectations.
>
> 3. On July 8, 2016, I was subjected to unequal terms and conditions of employment when I was denied a flex time schedule by Dennis Alexander, Deputy Chief of Probation Officer.
>
> 4. Similarly situated employees who had not participated in protected activities, such as Lisa Poczatek, were not denied a flex time schedule under similar circumstances.

4

> 5. The adverse action closely followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

(Dkt. 1, pgs. 10-11.) In his complaint, plaintiff states that he "requested a similar schedule that was approved for a white probation officer. Plaintiff has been complaining of racial discrimination for over two years. Plaintiff has provided evidence. . . Plaintiff was denied this schedule and was further denied by each defendant through the process." (Dkt. 1, pg. 5.)

The Office of the Chief Judge moves to dismiss, arguing that plaintiff did not exhaust his administrative remedies because he did not raise any allegation of color, national origin, race, and sex discrimination in his charge of discrimination and because plaintiff's allegations are not reasonably related to his original charge of discrimination. Plaintiff responds that all defendants were notified of his discrimination claims via the grievance process and the filing of his administrative charge. He says that he exhausted his administrative remedies because he "mentions his color on the letter he sent to the Illinois Department of Human Rights, national origin, race, sex, and that he believes he has been subject to a form of discrimination based on the same" and that he "does allege in his narrative sent to the Illinois Department of Human Rights in the initial harm of the intake form." (Dkt. 25, pg. 6.) He attaches an intake form[2] as an exhibit to his response to the Office of the Chief Judge's motion to dismiss. (*See* dkt. 25-2.) The Office of the Chief Judge objects to plaintiff's reliance on the exhibits attached to plaintiff's response, arguing that the Court may not look to materials beyond the complaint when considering a Rule 12(b)(6) motion to dismiss.

Generally, the court considers "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" when ruling on a 12(b)(6) motion to dismiss. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 (7th Cir. 2013) (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir. 2012)). However, "a plaintiff has much more flexibility in opposing a Rule 12(b)(6) motion." *Geinosky*, 675 F.3d at 745-46 n. 1. "[A] plaintiff 'may elaborate on his factual allegations so long as the new elaborations are consistent with the pleading * * * [A] party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove * * * [and] is free to assert new facts in brief opposing motion to dismiss.'" *Derfus,* 42 F. Supp. 3d at 893 n. 1 (*citing Geinosky*, 675 F.3d at 746 n. 1.) Because the exhibits attached to plaintiff's response are consistent with his pleadings, the Court will consider them solely as they relate to the argument of exhaustion.

Regarding his claims of discrimination based on race and/or color, plaintiff has not pled himself out of court at this stage of the proceedings. In his complaint, plaintiff says that he "requested a similar schedule that was approved for a white probation officer" and that he "has been complaining of racial discrimination for over two years." (Dkt. 1, pg. 5.) On his intake form, plaintiff states that he would like to correct his claim to one of "discrimination based on

---

[2] On the intake form, plaintiff states that he seeks to make several corrections to his Charge of Discrimination, including correcting his claim to one of discrimination based on race, color, and retaliation.

5

race, color, and retaliation." (Dkt. 25-2.). An intake form may, in certain circumstances, be construed as a charge. *See Federal Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008). Accordingly, at this time, the Office of the Chief Judge's motion to dismiss these claims is denied. Plaintiff may proceed with these claims.

However, the same cannot be said for plaintiff's claims of discrimination based on national origin and/or sex. On his form complaint, plaintiff checked the boxes for national origin discrimination and sex discrimination. But he stopped there. A review of the narrative sections in both his complaint and his charge of discrimination reveals that plaintiff did not mention or suggest that he suffered discrimination based on his national origin and/or sex. The narrative sections of plaintiff's complaint and charge of discrimination are devoid of any facts that would have reasonably notified the Office of the Chief Judge or the EEOC that these issues were subject to investigation and conciliation efforts. Accordingly, plaintiff's claims of discrimination based on national origin and sex are dismissed with prejudice. *See Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1077-1079 (N.D. Ill. 2013) (dismissing plaintiff's Title VII claims based on color, national origin, age, and sex because neither plaintiff's factual narrative or causes of discrimination alleged in her EEOC Charge could reasonably have led defendant to conclude that plaintiff was a victim of such discrimination).

*Title VII – Individual Liability*

Defendants Alexander, Das, and Patterson argue that the Title VII claims against them must be dismissed because individual liability does not exist under Title VII. The Court agrees.

Title VII authorizes suit only against an employer as an entity rather than against individual people who are agents of the employer. *Smith v. Bray*, 681 F.3d 888, 896 n. 2 (7th Cir. 2012), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764 (7th Cir. 2016). "A supervisor does not, in his individual capacity, fall within Title VII's definition of employer." *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Thus, plaintiff cannot state a claim against Defendants Alexander, Das, and Patterson because Title VII does not impose liability on managers in their individual capacities. Accordingly, the Title VII claims against defendants Alexander, Das, and Patterson are dismissed.

## CONCLUSION

For these reasons, the Court grants the Office of the Chief Judge's motion to dismiss [18] as to plaintiff's §§1981 and 1983 claims as well as plaintiff's Title VII claims of unlawful national origin and sex discrimination. Defendants Alexander, Das, and Patterson's motion to dismiss [29] is granted as to plaintiff's Title VII claims. Plaintiff is given an opportunity to amend his complaint by July 10, 2018 if he chooses to do so. Status hearing previously set for June 21, 2018 is stricken and reset to July 12, 2018 at 9:30 a.m.

SO ORDERED.                    ENTERED: June 20, 2018

                                                            _____
                                                            **HON. JORGE ALONSO**
                                                            **United States District Judge**