> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 11, 2022[*]
Decided April 27, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1544

| | |
|---|---|
| JASON SMITH,  *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:17-cv-08341 |
| CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY, et al.,  *Defendants-Appellees*. | **Mary M. Rowland**, *Judge*. |

### O R D E R

Jason Smith, previously a probation officer for Cook County, sued his former employer and supervisors, alleging that they discriminated and retaliated against him by denying him a revised work schedule. The district court concluded that the denial of

---

[*] We have agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the requested schedule was not materially adverse and entered summary judgment for the defendants. We agree and affirm.

We review the record in the light most favorable to Smith. *See De Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 558 (7th Cir. 2019). Smith, who is African American, worked as a juvenile probation officer for Cook County from 2003 to 2018. He was also a union leader for six years, and in that capacity he raised charges of race discrimination.

In June 2016, Smith requested an alternative work schedule of four ten-hour days, with Fridays and weekends off. He intended to take a Spanish class on Fridays because learning Spanish might lead to a pay raise and other opportunities available to bilingual employees. The union's collective bargaining agreement, to which Smith was subject, set a standard schedule of eight-hour days, Monday through Friday. It offered the possibility of an alternative "flextime" schedule, but "only if practicable to do so" and only "by mutual arrangement between the employee and his/her supervisor."

Smith did not receive the alternative work schedule. His direct supervisor orally approved Smith's request, but the director of the probation office invoked the general policy against full-time schedules of fewer than five days per week and overruled the direct supervisor. Smith received a letter explaining the denial.

Smith responded by litigating and later resigning. He filed a charge with the Illinois Department of Human Rights asserting that Cook County denied his request in order to retaliate for his past opposition to discrimination. He later also sent the agency materials about race discrimination. Eventually, the agency issued two right-to-sue letters. One was in July 2020 (which Smith did not receive), and the second (which he received) came in October 2020, precipitating this suit for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2, 2000e-3, and 42 U.S.C. § 1983. After the district court allowed Smith's Title VII claim against the county's chief judge (in his official capacity) and his § 1983 claims against the individual defendants to proceed, the defendants moved for summary judgment. They first argued that Smith's claims were untimely because he filed them more than 90 days after the agency sent its first right-to-sue letter. They also argued that because the initial charge raised only a claim of retaliation, Smith had not exhausted administrative remedies for a race discrimination claim. The district court rejected these defenses, proceeded to the merits, and entered summary judgment for the defendants. It ruled that the denial of Smith's request for an alternative work schedule had not worsened his employment conditions and thus could not support a claim of either discrimination or retaliation.

No. 21-1544 Page 3

Smith argues on appeal that the denial of the alternative schedule was materially adverse because it prevented him from learning Spanish and therefore from obtaining increased pay and other job benefits as a bilingual employee. The defendants repeat their procedural defenses, but they also defend the judgment on the merits. Because the merits are straightforward, we proceed to them just as the district court did. We use the same substantive standards under both Title VII and § 1983 to evaluate employment-discrimination and retaliation claims. *See De Lima Silva*, 917 F.3d at 559.

We begin with the claim of race discrimination. To survive summary judgment on this claim, Smith must, among other things, furnish evidence that would permit a reasonable jury to conclude that he suffered an adverse employment action. *See id.* He has not done so. An adverse employment action must "materially alter the terms or conditions of employment." *See Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012). Scheduling decisions without "material consequences" generally are not adverse employment actions. *Id.* at 955. Three factors here demonstrate the lack of material consequences. First, the decision to keep Smith on the standard schedule—which he had maintained for years—did not diminish his pay or benefits. Second, Smith has not substantiated his assertion that completing a Spanish class would likely yield a raise. Finally, even if he had done so, he has not shown that working on Fridays prevented him from readily learning Spanish in some way other than in the Friday-based classes.

That brings us to Smith's retaliation claim. For this claim, he must offer evidence that he suffered a "materially adverse action" that might dissuade a reasonable worker from bringing charges of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Again, the denial of a compressed work week does not satisfy this requirement. As we said above, Smith's pay and benefits remained intact, there is no evidence that the alternative schedule would have yielded a pay increase, and Smith has not shown why working on Fridays prevented him from learning Spanish. He has not offered evidence that would support a finding that the scheduling decision caused his alleged injury. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346–47 (2013) (defendant's conduct must be but-for cause of injury in Title VII retaliation claim).

We address one final matter. In opposing summary judgment, Smith argued that his resignation was a constructive discharge and that, after he resigned, the defendants retaliated further by falsely telling his new employer that he had been fired. Neither of these claims appears in his operative complaint. Smith had included them in a proposed amended complaint, but he later withdrew it. He thus deliberately chose to proceed on his original complaint—without these additional claims. Consequently, when opposing

No. 21-1544 Page 4

summary judgment, he was not entitled to reintroduce them into the case. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012). Like the district court, we therefore consider these contentions waived. *See id.*

AFFIRMED.